# IN THE COURT OF APPEALS OF IOWA

No. 19-0561
Filed August 19, 2020

**CITIZENS STATE BANK,**
    Plaintiff-Appellee,

**vs.**

**THOMAS LINCOLN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jones County, Andrew Chappell,

Judge.

Thomas Lincoln appeals the district court's denial of his motion for new trial.

**AFFIRMED AND REMANDED.**

Thomas Lincoln, Galesburg, Illinois, self-represented appellant.

Jay A. Willems of Remley, Willems, McQuillen & &Voss, Anamosa, for

appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Following a bench trial, the district court entered judgment in favor of Citizens State Bank (Bank) and against Thomas Lincoln (Lincoln) for an unpaid loan, an overdrawn checking account, and attorney fees. Lincoln appeals the district court's denial of his motion for a new trial. We conclude there are no grounds for reversal. However, we remand for the limited purpose of determining appellate attorney fees for the Bank.

**I. Background Facts**

In July 2016, the Bank loaned Lincoln $275,000 on a line of credit to purchase cattle. In exchange, Lincoln signed a promissory note and gave the Bank a purchase money security interest in feeder cattle he purchased with the borrowed funds.

The promissory note was set to mature in August. Lincoln was unable to make the necessary payments. The Bank executed two extension agreements to provide Lincoln additional time to become current. But he failed to do so. In December, Lincoln defaulted on the loan. Lincoln also had a large overdraft balance on his personal checking account with the Bank.

In March 2017, the parties participated in mandatory farm mediation. They reached a mediation agreement. But Lincoln failed to comply with its terms.

In May, the Bank filed this collection action. Lincoln failed to comply with the Bank's discovery requests. The Bank filed motions to compel discovery and sought sanctions. Eventually the court found Lincoln in contempt.

On October 9, 2018, the Bank filed notice of its witnesses and exhibits. The next day, Lincoln filed a motion to dismiss because the Bank failed to make its

pretrial submissions fourteen days before trial. The district court denied the motion but granted Lincoln additional time to file his own witness and exhibit list.

On October 16, the trial was held. The district court entered judgment in favor of the Bank as follows: (1) $254,176.17 for the unpaid principal on the loan; (2) $78,098.64 for accrued interest on the loan; (3) $55,507.58 for the overdrawn checking account; and (4) $34,422.00 for attorney fees incurred in enforcing the loan.[1]

Lincoln filed a motion for new trial. The district court denied the motion. Lincoln appeals.

**II. Discussion**

On appeal, Lincoln argues the district court should have granted his motion for a new trial on the following grounds: (1) "accident or surprise which ordinary prudence could not have guarded against"; (2) "excessive or inadequate interest"; (3) "excessive and inadequate attorney fees"; and (4) "verdict not sustained by evidence."[2] We address each in turn. We also address the Bank's request for appellate attorney fees.

**A. Accident or Surprise**

We start with the ground of accident or surprise. Our review is for abuse of discretion. *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012) (citation omitted).

---

[1] The court noted: "This includes the $2000 in fees previously ordered, but not yet paid."

[2] On this fourth point, Lincoln also mentions in passing that the verdict was "contrary to law." But he offers no argument or authority on this point. So we decline to address it.

Lincoln complains that, although the Bank's pretrial disclosures were due at least fourteen days before trial, they were not filed until six days before trial. But we afford the district court "wide discretion in its rulings on pretrial deadlines." *Gary v. Heritage Nat'l Healthplan Servs., Inc.*, 485 N.W.2d 851, 854 (Iowa Ct. App. 1992). And as the district court noted, "[n]either party complied with [the pretrial submissions' deadline] of the Trial Scheduling and Discovery Plan in a timely manner." Plus the district court provided Lincoln additional time to comply with the discovery plan. This "eliminated any potential prejudice" to Lincoln. Like the district court, we conclude Lincoln "failed to establish any legitimate 'accident or surprise' sufficient to justify a new trial or that his substantial rights were material affected." So a new trial is not required. *See Fry*, 818 N.W.2d at 130 ("[A] district court should only grant a new trial if one of the grounds listed in [Iowa Rule of Civil Procedure 1.1004] applies and the movant's substantial rights were materially affected.").

**B. Excessive Damages**

Next, Lincoln claims the district court should have granted a new trial due to excessive damages. Specifically, he contends the Bank was required to provide calculations on the interest accrual. Our review is for abuse of discretion. *Id.* at 128. In determining whether damages were excessive, we look at the evidence in the light most favorable to the Bank and "accord weight to the view of the trial judge who heard and saw all the witnesses." *Alcala v. Marriott Int'l, Inc.*, No. 18-1453, 2019 WL 6358422, at *3 (Iowa Ct. App. Nov. 27, 2019).

Like the district court, we find "no merit" in Lincoln's complaints. One of the Bank's witnesses, a loan officer, testified in great detail about Lincoln's loan, the

default, and the interest accrual. The loan officer testified—and a Bank exhibit showed—the interest accrued was $78,098.64. In response, Lincoln presented no witnesses. And he declined to testify in support of his arguments. Ultimately, the district court found the Bank's witness's testimony was both credible and "unrebutted." We see no abuse of discretion in the court's award of $78,098.64 for interest nor in the court's refusal to grant a new trial.

### C. Attorney Fees

Lincoln also contends the district court should have granted him a new trial because the Bank's attorney fee award was excessive. "We review challenges to the amount of an attorney fee award for abuse of discretion." *Lee v. State*, 906 N.W.2d 186, 194 (Iowa 2017).

The district court awarded the Bank $34,422.00 in attorney's fees.[3] *See* Iowa Code § 625.22 (2018). This award was supported by a detailed fee itemization. And the district court determined the award "reflect[ed] the difficulty the [B]ank had in attempting to get compliance from Mr. Lincoln and the protracted nature of this lawsuit." Plus the district court considered each of Lincoln's "alleged discrepancies" in the Bank's attorney fee itemization. But the court found Lincoln's concerns had "no merit." And, on appeal, Lincoln has shown no reason for us to conclude otherwise. So, again, we find the district court did not abuse its discretion. *See id.*

---

[3] The district court noted this included $2000 in fees that were previously ordered but Lincoln had not paid yet.

**D. Verdict Not Sustained by Evidence**

Lincoln's final argument is that the verdict was not sustained by evidence. Iowa Rule of Civil Procedure 1.1004(6) provides that a new trial may be granted if "the verdict . . . is not sustained by sufficient evidence." Our review is for correction of errors at law. *Green v. City of Fort Dodge*, No. 16-1437, 2018 WL 347713, at *4 (Iowa Ct. App. Jan. 10, 2018). We review "the evidence in the light most favorable to the verdict and need only consider the evidence favorable to plaintiff whether it is contradicted or not." *Estate of Pearson ex. rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 345 (Iowa 2005) (citation omitted).

As noted, the district court awarded $254,176.17 for the unpaid principal on the loan; $78,098.64 for accrued interest on the loan; and $55,507.58 for the overdrawn checking account. These awards are supported by exhibits and unrebutted testimony. Lincoln has failed to show that insufficient evidence supports the awards. *See id.*

**E. Appellate Attorney Fees**

Lastly, we address the Bank's request for appellate attorney fees. As the Bank points out, the parties' promissory note includes an agreement by Lincoln "to pay any fee [the Bank] incur[red]" for the Bank's hired attorney "plus court costs (except where prohibited by law)." And Iowa Code section 625.22 authorizes us to enforce the parties' agreement by "tax[ing] as a part of the costs a reasonable attorney fee." *See Bankers Tr. Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982) ("The same rationale under section 625.22, which justifies awarding attorney fees in the trial court, also justifies awarding attorney fees in this appeal—the written agreement provided for attorney fees and in no way limited them to costs in the

trial court."). Plus the Bank has provided the supporting affidavit required by section 625.24. *See Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 184 (Iowa 2010) (denying a request for attorney fees on appeal where the applicant failed to submit "the affidavit required under Iowa Code section 625.24" and opposing party raised proper objection). Even so, "[w]e prefer that the district court determine the reasonable amount of attorney fees plaintiffs should be awarded on this appeal." *Woltz*, 326 N.W.2d at 278. So "we remand the case to the district court for the limited purpose of an evidentiary hearing on and the fixing of appellate attorney fees." *See id.*

### III. Conclusion

The district court was correct in denying the motion for new trial. We affirm. We remand for the limited purpose of awarding appellate attorney fees to the Bank.

**AFFIRMED AND REMANDED.**